UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANY AMERICA, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. |
| v. ) | 15-10572-FDS |
| ) | |
| TURNER BROTHERS, LLC, ) | |
| ) | |
| Defendant ) | |

### ORDER ON PLAINTIFF'S MOTION FOR A NEW TRIAL

**SAYLOR, J.**

Plaintiff SANY America, Inc. manufactures and sells construction equipment. In September 2012, SANY loaned a crane to defendant, Turner Brothers, LLC, with the goal of eventually persuading Turner to buy it. The crane remained in Turner's possession for almost two years and was damaged in an accident during that period. SANY brought this action against Turner, alleging claims for conversion and replevin. On October 14, 2016, after a four-day trial, a jury delivered a verdict in favor of Turner on all claims. On October 20, 2016, the Court entered judgment to that effect. On November 11, 2016, SANY brought this motion for a new trial pursuant to Fed. R. Civ. P. 59.

### I. Weight of the Evidence

SANY first contends that a new trial is warranted because the verdict was against the weight of the evidence. A court may grant a new trial when a jury verdict "is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice." *Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996) (quoting *Phav v.*

*Trueblood, Inc.,* 915 F.2d 764, 766 (1st Cir. 1990)).  "Mere disagreement with the verdict will not justify the granting of a new trial." *Newell Puerto Rico, Ltd. v. Rubbermaid Inc.*, 20 F.3d 15, 22 (1st Cir. 1994).  However, a court has wide discretion to grant a new trial and may order one "even where the verdict is supported by substantial evidence.'" *Jennings v. Jones,* 587 F.3d 430, 439 (1st Cir. 2009) (quoting *Lama v. Borras,* 16 F.3d 473, 477 (1st Cir. 1994)).

Here, the jury verdict was not against the clear weight of the evidence.  It is true that SANY presented credible evidence at trial that Turner exercised wrongful control over the crane at least as early as the spring of 2014.  However, that evidence was not so overwhelming or uncontroverted as to suggest that the jury's verdict resulted in a clear miscarriage of justice.  Even if the Court disagrees with the verdict, it cannot make the necessary findings to grant a new trial.

## II.     Failure to Give Jury Instruction on Breach of Bailment

SANY further contends that the Court erred in failing to instruct the jury on a breach of bailment claim.[1]

The amended complaint alleged two claims: a claim for replevin and a claim for conversion.  *See* Am. Compl. ¶¶ 30-42.  It did not, however, include a claim for breach of bailment.  SANY attempted to amend the complaint on the eve of trial to include such a claim, which the Court denied on the ground that it would unfairly prejudice Turner.  Among other things, a claim for breach of bailment would introduce the concept of reasonable care into the trial, as to which very little discovery had been taken and no experts had been designated.

---

[1] SANY also contends that the Court erred in excluding evidence that would support such a claim.  As the exclusion of evidence arose out of the Court's decision on the breach of bailment instruction, the Court considers these to be substantially the same claim. It is also unclear whether SANY actually attempted to introduce the evidence in question.

SANY now contends that the failure to instruct the jury on a breach of bailment theory was in error, and requires a new trial. It cites the proposition that a plaintiff who fails to plead a particular legal theory may nevertheless be entitled to recover if the complaint sets forth "sufficient factual allegations to state a claim showing that he is entitled to relief." *Fitzgerald v. Codex Corp.*, 882 F.2d 586, 589 (1st Cir. 1989) (quoting *Rohler v. TRW, Inc.,* 576 F.2d 1260, 1264 (7th Cir.1978)).

While that proposition may be true as a general matter, it is surely bounded by basic notions of fairness and common sense. Although the federal rules have abandoned technical pleading requirements to a large degree, the framing of claims in a complaint is not an entirely empty exercise. At the very least, Fed. R. Civ. P. 8 requires that the complaint contain a "short and plain statement" that provides the defendant "fair notice of what the claim is." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Put another way, the defendant has an "inalienable right to know in advance the nature of the cause of action being asserted against him." *Rodriguez v. Doral Mortg. Corp*, 57 F.3d 1168, 1171 (1st Cir. 1995); *In re Lombardo*, 755 F.3d 1, 4 (1st Cir. 2014) ("Counsel facing an adversary given to sudden second thoughts should not be put on the spot to prepare to meet a new legal theory on the verge of trial . . . ."); *In re Cumberland Farms, Inc*., 284 F.3d 216, 226 (1st Cir. 2002).

Here, proof of a claim for conversion or replevin required SANY to prove that Turner's possession of the crane became wrongful or unlawful at some point. *See Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95 (1st Cir. 1993); Mass. Gen. Laws ch. 247, § 7. But neither theory required proof that the defendant failed to exercise reasonable care, or permitted a defense that the defendant exercised such care. By contrast, under a breach

of bailment claim, a plaintiff may bring a claim to recover for damage to its property when in the lawful custody of the bailee, and may recover unless the defendant shows that it exercised the required standard of care.[2]  Indeed, SANY submitted proposed jury instructions to that effect.[3]

Again, neither the complaint nor the amended complaint alleged a claim for breach of bailment.  Neither party took significant discovery as to whether Turner was negligent in its handling of the crane (for example, the operator of the crane at the time of the accident was not deposed), and neither sought to introduce expert testimony on the subject.

The fact that SANY did not need to prove a lack of reasonable care by Turner as part of a *prima facie* case of breach of bailment does not require a different result.  It is true that SANY would not have had to prove a lack of care; instead, Turner would have been required to prove, as a defense to the claim, that it did in fact exercise reasonable care in order to avoid liability.  But that does not change the basic problem, which is that Turner did not have fair notice that the trial might involve such an issue.[4]

In short, the claims for conversion and replevin were insufficient to put Turner on notice that a claim for breach of bailment would be asserted at trial, and that therefore a dispute as to its possible negligence would be resolved by the jury.  The Court did not err in refusing to include

---

[2] Where the bailment is not governed by an express contractual provision and is for the mutual benefit of both parties, the bailee owes a duty to exercise reasonable care not to damage the property and will be liable to the bailor for damage caused by ordinary negligence. *See generally* Howard J. Alperin, 14 Mass. Prac., Summary of Basic Law, Bailments § 2.30 (5th ed. 2014); *see also Whitney v. Lee*, 49 Mass. 91, 93 (1844) ("The law has endeavored to make a distinction in the degrees of care and diligence to which different bailees are bound . . . .").

[3] On September 26, 2016, SANY submitted a proposed jury instruction for "bailment" that stated that if it proved the crane was returned in a damaged condition, "the burden shifts to Turner to prove that it exercised reasonable care to prevent the damage." Pl. Proposed Jury Instructions at 9.  SANY's proposed jury instructions included two additional pages explaining the reasonable care standard. *See id.* at 10-11.

[4] It is true that "claims arising from the breach of a bailment" may be brought "as conversion or replevin actions." *Aimtek, Inc. v. Norton Co.*, 69 Mass. App. Ct. 660, 663 (2007).  But while the same facts that give rise to a claim for breach of bailment claim may also give rise to claims for conversion and replevin, the claims are not identical, and the assertion of one such claim does not necessarily imply the assertion of another.

an instruction for breach of bailment, because no such claim was pleaded and giving such an instruction would have seriously prejudiced Turner.

### III. Conclusion

For the foregoing reasons, plaintiff's motion for a new trial is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: December 19, 2016                                   United States District Judge